**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

EROS LAMB,

      Plaintiff,

      vs.

MEDICAL MANAGEMENT
INTERNATIONAL, INC. d/b/a Banfield
Pet Hospital,

      Defendant.

CASE NO.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Eros Lamb, by and through his undersigned counsel, sues the Defendant, Medical Management, Inc. d/b/a Banfield Pet Hospital ("MMI") and alleges as follows:

1.    Plaintiff, Eros Lamb, was an employee of Defendant, MMI, and brings this action for unpaid overtime compensation, lost wages, compensatory damages, liquidated damages, attorneys' fees and costs, and all other applicable relief pursuant to the Fair Labor Standards Act*, as amended*, 29 U.S.C. § 216(b) ("FLSA"), the Washington Minimum Wage Act, RCW 49.46, *et seq*. ("MWA"), and the Oregon Minimum Wage Laws, Ch. 652 and 653 ORS.

**General Allegations**

2.    Plaintiff was an employee who worked for Defendant within the last three years.

3.    Plaintiff worked for Defendant from around April 2014 to January 3, 2025, first in their call center for six years, and then as a Senior Hospital Installation Coordinator.

4.    Plaintiff first worked for Defendant as a Washington-based employee, and then around

COMPLAINT - 1

MORGAN & MORGAN, P.A.
506 2nd Ave., Suite 1513
Seattle, Washington 98104
TEL: 561-812-1547

summer 2023, Plaintiff moved to Oregon and became an Oregon based employee.

5. At all times material to this cause of action, Defendant, MMI, was an enterprise subject to the FLSA and MWA.

6. As set forth more fully below, at all times material to this cause of action, Plaintiff was a non-exempt employee—misclassified as an exempt employee—and therefore entitled to overtime wages for all overtime hours worked.

7. Defendant, MMI, does business as "Banfield Pet Hospital" and operates a chain of veterinary clinics with offices nationwide, including in this District.

8. Defendant, MMI, is a Delaware corporation with its principal place of business in Vancouver, Clark County, Washington and is therefore, within the jurisdiction of this Court.

9. This action is brought under the FLSA, the MWA and Oregon law to recover from Defendant overtime compensation, lost wages, compensatory damages, liquidated damages, interest, and reasonable attorneys' fees and costs.

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

11. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

12. During Plaintiff's employment with Defendant, Defendant employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to computers, telephones, fax machines, and medical supplies.

13. Therefore, at all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

**COMPLAINT - 2**

MORGAN & MORGAN, P.A.
506 2nd Ave., Suite 1513
Seattle, Washington 98104
TEL: 561-812-1547

14.     At all material times relevant to this action, Defendant was an employer of Plaintiff as defined by RCW 49.46.010.

**Factual Allegations**

15.     At all times relevant to this action, Defendant failed to comply with the FLSA, the MWA and Oregon law because Defendant failed to properly pay Plaintiff complete overtime compensation for all overtime hours worked.

16.     During his employment with Defendant, Plaintiff routinely worked overtime hours.

17.     During his employment with Defendant, Plaintiff was not always paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

18.     According to Plaintiff's compensation plan, Plaintiff was paid a "salary" that purportedly "built in" 30 hours of overtime per week. *See* a copy of Plaintiff's Pay Plan, attached as **Exhibit 1**.

19.     These types of plans are commonly referred to as a "Belo Contract" or "Belo Plan" which is a form of guaranteed compensation that includes a pre-determined amount of overtime.

20.     However, for a Belo Contract to be permissible under the FLSA and the MWA and Oregon law it must meet the express statutory requirements of § 7(f) of the FLSA, 29 U.S.C. § 207(f).

21.     Pursuant to 29 U.S.C. § 207(f), to have a permissible Belo Contract, the following requirements must be met:

   a.   There must be a specific agreement/contract between the employer and the employee. 29 C.F.R. § 778.407.

   b.   The employee's duties must necessitate irregular hours of work. 29 C.F.R. § 778.405.

   c.   The weekly overtime payment must be guaranteed. 29 C.F.R. § 778.413.

**COMPLAINT - 3**

MORGAN & MORGAN, P.A.
506 2nd Ave., Suite 1513
Seattle, Washington 98104
TEL: 561-812-1547

d.  The guaranteed number of weekly hours worked cannot exceed 60. 29 C.F.R § 778.412. All hours worked beyond 60 per week must be compensated at an additional time and a half.

22.  Plaintiff's pay plan did not qualify as a permissible Belo Contract because, among other reasons, his duties did not necessitate irregular hours of work and the guaranteed number of weekly hours exceeded 60 hours per week.

23.  As a result of the above practices, Plaintiff did not receive all overtime compensation due.

24.  Plaintiff is entitled to the additional overtime premiums for all hours worked over forty (40) in each week.

25.  Based upon the above policies, Defendant has violated the FLSA, the MWA, and Oregon law by failing to pay complete overtime pay for each hour worked over forty (40) per week.

26.  Additionally, on or about October 21, 2024, Plaintiff lodged a complaint with his supervisor and the Human Resources Department regarding unpaid overtime compensation.

27.  Less than 10 days later, on October 30, 2024, Plaintiff was laid off under the guise that his position was being "eliminated," with his last day of working being January 3, 2025.

28.  The reason proffered by Defendant was nothing more than a pretext for retaliation.

29.  The real reason Defendant terminated Plaintiff is for raising complaints of unpaid overtime compensation.

30.  Defendant's violations of the FLSA, the MWA and Oregon law were willful and not in good faith.

31.  Plaintiff has suffered damages as a result of Defendant's violations of the FLSA, the MWA and Oregon law.

**COMPLAINT - 4**

MORGAN & MORGAN, P.A.
506 2nd Ave., Suite 1513
Seattle, Washington 98104
TEL: 561-812-1547

32. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

33. Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

34. All conditions precedent to this action have been performed or waived.

**COUNT I – RECOVERY OF OVERTIME COMPENSATION (FLSA)**

35. Paragraphs one (1) through thirty-four (34) above are fully re-alleged and incorporated herein.

36. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

37. During his employment with Defendant, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

38. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

39. Defendant did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

40. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

41. Plaintiff demands a trial by jury.

**COMPLAINT - 5**

MORGAN & MORGAN, P.A.
506 2nd Ave., Suite 1513
Seattle, Washington 98104
TEL: 561-812-1547

WHEREFORE, Plaintiff, Eros Lamb, demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II – RECOVERY OF OVERTIME COMPENSATION (MWA)

42.    Paragraphs one (1) through thirty-four (34) above are fully re-alleged and incorporated herein.

43.    Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

44.    During his employment with Defendant as a Washington employee, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the MWA.

45.    As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

46.    Defendant did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

47.    As a result of Defendant's willful violation of the MWA, Plaintiff is entitled to liquidated damages.

48.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Eros Lamb, demands judgment against Defendant for the payment

**COMPLAINT - 6**

MORGAN & MORGAN, P.A.
506 2nd Ave., Suite 1513
Seattle, Washington 98104
TEL: 561-812-1547

of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

**COUNT III – RECOVERY OF OVERTIME COMPENSATION (ORS § Ch. 653)**

49.    Paragraphs one (1) through thirty-four (34) above are fully re-alleged and incorporated herein.

50.    Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

51.    During his employment with Defendant as an Oregon employee, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of Oregon law, ORS §§ 653.055 and 653.261.

52.    As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

53.    Defendant did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

54.    As a result of Defendant's willful violation of Oregon law, Plaintiff is entitled to liquidated damages.

55.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Eros Lamb, demands judgment against Defendant for the payment

COMPLAINT - 7

of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

**COUNT IV – RETALIATION IN VIOLATION OF § 215(a)(3) OF THE FLSA**

56.     Paragraphs one (1) through thirty-four (34) above are fully re-alleged and incorporated herein.

57.     Plaintiff complained regarding his unpaid overtime wages and Defendant's policies that violate the FLSA and Washington/Oregon law.

58.     Shortly after Plaintiff's complaints, Defendant terminated Plaintiff.

59.     Defendant's termination of Plaintiff was in retaliation for complaining about violations of the FLSA and Washington law.

60.     Defendant's retaliatory conduct towards Plaintiff was willful as Defendant knew or should have known that its actions were in violation of 29 U.S.C. §215(a)(3).

61.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged.

62.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Eros Lamb, demands judgment against Defendant for violation of 29 U.S.C. § 215(a)(3); as well as back pay, front pay, compensatory damages, liquidated damages, reasonable costs and attorneys' fees, and all other equitable relief this Court deems just and appropriate.

**COUNT V – RETALIATION IN VIOLATION OF ORS § 652.355**

COMPLAINT - 8

63. Paragraphs one (1) through thirty-four (34) above are fully re-alleged and incorporated herein.

64. Plaintiff complained regarding his unpaid overtime wages and Defendant's policies that violate Oregon law and the FLSA and Washington law.

65. Shortly after Plaintiff's complaints, Defendant terminated Plaintiff.

66. Defendant's termination of Plaintiff was in retaliation for complaining about violations of Oregon law, Washington law and the FLSA.

67. Defendant's retaliatory conduct towards Plaintiff was willful as Defendant knew or should have known that its actions were in violation of ORS Ch. 652.

68. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged.

69. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Eros Lamb, demands judgment against Defendant for violation of ORS Ch. 652 including back pay, front pay, compensatory damages, liquidated damages, interest, reasonable costs and attorneys' fees, and all other equitable relief this Court deems just and appropriate.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated this 19th day of February, 2025.

**COMPLAINT - 9**

MORGAN & MORGAN, P.A.
506 2nd Ave., Suite 1513
Seattle, Washington 98104
TEL: 561-812-1547

By:*/s/ Kristopher Bonham*
Kristopher Bonham, Esq.
WSBA Bar No.: 62520
Email: kbonham@forthepeople.com
**MORGAN & MORGAN, P.A**.
506 2nd Ave Suite 1513
Seattle, Washington 98104
&
1700 Palm Beach Lakes, Suite 500
West Palm Beach, Florida 33401
Telephone: (561) 812-1547
Facsimile: (561) 812-1571

C. Ryan Morgan, Esq. *(pro hac vice forthcoming)*
Florida Bar No. 0015527
Jolie N. Pavlos, Esq. *(pro hac vice forthcoming)*
Florida Bar No. 0125571
MORGAN & MORGAN, P.A.
20 N. Orange Ave, 15th Floor
Orlando, FL 32801
***MAILING ADDRESS:***
***P.O. Box 530244***
***Atlanta, GA 30353-0244***
T: (407) 420-1414
F: (407) 245-3401
E:  RMorgan@forthepeople.com
     JPavlos@forthepeople.com
***Attorneys for Plaintiff***

**COMPLAINT - 10**

MORGAN & MORGAN, P.A.
506 2nd Ave., Suite 1513
Seattle, Washington 98104
TEL: 561-812-1547