Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

EROS LAMB,

          Plaintiff,

    vs.

MEDICAL MANAGEMENT
INTERNATIONAL, INC., d/b/a Banfield Pet
Hospital,

          Defendant.

Case No. 3:25-cv-05141-MJP

**DEFENDANT MEDICAL
MANAGEMENT INTERNATIONAL,
INC.'S ANSWER AND DEFENSES TO
PLAINTIFF EROS LAMB'S
COMPLAINT**

For its Answer and Defenses to Plaintiff Eros Lamb's Complaint, Defendant Medical Management International, Inc. (which does business as "Banfield Pet Hospital" and is sometimes referred to in this Answer as "Banfield") admits, denies, and alleges as set forth below. The paragraph numbers and headings in this pleading correspond with the paragraph numbers and headings in the Complaint. Except as expressly admitted herein, Defendant denies the allegations contained in Plaintiff's Complaint (including headers and section titles).

1.     In response to Paragraph 1, Defendant admits that Plaintiff was an employee of Defendant, and that Plaintiff purports to bring this action against Defendant. Defendant denies any allegations of wrongdoing and denies any remaining allegations, express or implied, in this paragraph.

DEFENDANT MEDICAL
MANAGEMENT INTERNATIONAL,
INC.'S ANSWER AND DEFENSES TO
PLAINTIFF EROS LAMB'S
COMPLAINT - 1
Case No. 3:25-cv-05141-MJP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

**General Allegations**

2.      Defendant admits the allegations in Paragraph 2.

3.      In response to Paragraph 3, Defendant admits that Plaintiff began working for Defendant in April 2014, and that he worked in a call center until 2021. Defendant further admits that, beginning in 2021, Plaintiff worked for it in hospital installation/openings roles.

4.      In response to Paragraph 4, Defendant admits that Plaintiff initially reported to it that his residential address was in Washington, and later reported a residential address in Oregon. Defendant denies any remaining allegations, express or implied, in this paragraph.

5.      In response to Paragraph 5, Defendant admits that it is an employer subject to the Federal Labor Standards Act ("FLSA") and, depending upon the circumstances of the employee at issue, the Washington Minimum Wage Act ("WMWA").

6.      In response to Paragraph 6, Defendant admits that Plaintiff was at times classified as exempt from  overtime. Defendant denies any remaining allegation, express or implied in this paragraph.

7.      Defendant admits the allegations in Paragraph 7.

8.      In response to Paragraph 8, Defendant admits that it is incorporated under the laws of the State of Delaware and that its principal place of business is in Vancouver, Washington.

9.      Paragraph 9 consists of a statement as to the claims alleged in this action, and therefore, no response is required.  To the extent a response is necessary, Defendant denies any allegation, express or implied, that it engaged in unlawful conduct or that Plaintiff is entitled to recover any alleged damages.

10.      Defendant admits the allegations in Paragraph 10.

11.      In response to Paragraph 11, Defendant responds that Plaintiff was employed with Defendant for more than 10 years; it is not clear which years Plaintiff is referring to or what he means by "earned." Defendant cannot competently respond to this allegation without clearer information as to what Plaintiff intends to allege and, on that basis, denies this Paragraph in its entirety.

DEFENDANT MEDICAL
MANAGEMENT INTERNATIONAL,
INC.'S ANSWER AND DEFENSES TO
PLAINTIFF EROS LAMB'S
COMPLAINT - 2
Case No. 3:25-cv-05141-MJP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

12. Defendant admits the allegations in Paragraph 12.

13. Defendant admits the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

**Factual Allegations**

15. Defendant denies the allegations in Paragraph 15.

16. In response to Paragraph 16, Defendant admits that Plaintiff's employment as a Senior Hospital Installation Coordinator sometimes required him to work in excess of forty hours during a workweek. Defendant denies any remaining allegations, express or implied, in this paragraph.

17. Defendant denies the allegations in Paragraph 17.

18. Paragraph 18 describes the content of a document. The document speaks for itself, and therefore, no response is required; however, to the extent a response is necessary, Defendant denies any allegation, express or implied, that it engaged in unlawful conduct.

19. Paragraph 19 asserts a legal conclusion to which no response is required; however, to the extent a response is necessary, Defendant denies any allegation, express or implied, that it engaged in unlawful conduct.

20. Paragraph 20 asserts a legal conclusion to which no response is required; however, to the extent a response is necessary, Defendant denies any allegation, express or implied, that it engaged in unlawful conduct.

21. Paragraph 21, including its sub-paragraphs (a) through (d), asserts a legal conclusion to which no response is required; however, to the extent a response is necessary, Defendant denies any allegation, express or implied, that it engaged in unlawful conduct.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

DEFENDANT MEDICAL MANAGEMENT INTERNATIONAL, INC.'S ANSWER AND DEFENSES TO PLAINTIFF EROS LAMB'S COMPLAINT - 3
Case No. 3:25-cv-05141-MJP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

27.    In response to Paragraph 27, Defendant admits that Plaintiff was affected by a reduction in force, and that Plaintiff was notified of the elimination of his position in October 2023, and that his last work day would be January 3, 2025. Defendant denies any remaining allegation, express or implied, in this paragraph.

28.    Defendant denies the allegations in Paragraph 28.

29.    Defendant denies the allegations in Paragraph 29.

30.    Defendant denies the allegations in Paragraph 30.

31.    Defendant denies the allegations in Paragraph 31.

32.    In response to Paragraph 32, Defendant admits that it has possession and custody of records concerning the number of hours worked and amounts paid to Plaintiff. Defendant cannot admit to the remainder of this Paragraph, because it does not know what records Plaintiff is asserting may exist and may be accurate, and on that basis denies the remainder of this Paragraph in full.

33.    In response to Paragraph 33, Defendant lacks sufficient information to either admit or deny this allegation and on that basis denies it in full.

34.    In response to Paragraph 34, Defendant lacks sufficient information to either admit or deny this allegation and on that basis denies it in full.

### COUNT I – RECOVERY OF OVERTIME COMPENSATION (FLSA)

35.    In response to Paragraph 35, Defendant restates and incorporates its answers to Paragraphs 1 through 34 as though fully stated herein.

36.    In response to Paragraph 36, Defendant admits that non-exempt employees are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per work week, subject to certain exceptions.  Defendant cannot admit that portion of this Paragraph that describes Plaintiff's entitlement to overtime, because it is too vague as to time and from whom Plaintiff alleges he was entitled to be paid.

37.    Defendant denies the allegations in Paragraph 37.

38.    Defendant denies the allegations in Paragraph 38.

DEFENDANT MEDICAL MANAGEMENT INTERNATIONAL, INC.'S ANSWER AND DEFENSES TO PLAINTIFF EROS LAMB'S COMPLAINT - 4
Case No. 3:25-cv-05141-MJP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Paragraph 41 states Plaintiff's legal position as to requesting trial by jury, to which no response is required. However, to the extent Plaintiff seeks equitable relief, such claims are properly tried to the Court.

Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint, including in Paragraphs 35–41, and denies that Plaintiff is entitled to relief of any kind in connection with Plaintiff's employment with Banfield, the termination of such employment, or the claims or allegations in the Complaint.

**COUNT II – RECOVERY OF OVERTIME COMPENSATION (MWA)**

42. In response to Paragraph 42, Defendant restates and incorporates its answers to Paragraphs 1 through 34 as though fully stated herein.

43. In response to Paragraph 43, Defendant admits that non-exempt employees are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per work week, subject to certain exceptions. Defendant cannot admit that portion of this Paragraph that describes Plaintiff's entitlement to overtime, because it is too vague as to time and by whom Plaintiff alleges he was entitled to be paid.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.ANSWER:

47. Defendant denies the allegations in Paragraph 47.

48. Paragraph 48 states Plaintiff's legal position as to requesting trial by jury, to which no response is required. However, to the extent Plaintiff seeks equitable relief, such claims are properly tried to the Court.

Defendant denies that Plaintiff is entitled to any of the relief requested in Plaintiff's Complaint, including in Paragraphs 42–48, and denies that Plaintiff is entitled to relief of any kind in

DEFENDANT MEDICAL MANAGEMENT INTERNATIONAL, INC.'S ANSWER AND DEFENSES TO PLAINTIFF EROS LAMB'S COMPLAINT - 5
Case No. 3:25-cv-05141-MJP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

connection with Plaintiff's employment with Banfield, the termination of such employment, or the claims or allegations in the Complaint.

### COUNT III – RECOVERY OF OVERTIME COMPENSATION (ORS § Ch. 653)

49.    In response to Paragraph 49, Defendant restates and incorporates its answers to Paragraphs 1 through 34 as though fully stated herein.

50.    In response to Paragraph 50, Defendant admits that non-exempt employees are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per work week, subject to certain exceptions.  Defendant cannot admit that portion of this Paragraph that describes Plaintiff's entitlement to overtime, because it is too vague as to time and from whom Plaintiff alleges he was entitled to be paid.

51.    Defendant denies the allegations in Paragraph 51.

52.    Defendant denies the allegations in Paragraph 52.

53.    Defendant denies the allegations in Paragraph 53.

54.    Defendant denies the allegations in Paragraph 54.

55.    Paragraph 55 states Plaintiff's legal position as to requesting trial by jury, to which no response is required. However, to the extent Plaintiff seeks equitable relief, such claims are properly tried to the Court.

Defendant denies that Plaintiff is entitled to any of the relief requested in Plaintiff's Complaint, including in Paragraphs 49–55, and denies that Plaintiff is entitled to relief of any kind in connection with Plaintiff's employment with Banfield, the termination of such employment, or the claims or allegations in the Complaint.

### COUNT IV – RETALIATION IN VIOLATION OF §215(a)(3) OF THE FLSA

56.    In response to Paragraph 56, Defendant restates and incorporates its answers to Paragraphs 1 through 34 as though fully stated herein.

DEFENDANT MEDICAL
MANAGEMENT INTERNATIONAL,
INC.'S ANSWER AND DEFENSES TO
PLAINTIFF EROS LAMB'S
COMPLAINT - 6
Case No. 3:25-cv-05141-MJP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

57.     In response to Paragraph 57, Defendant admits only that Plaintiff inquired about reporting of and compensation for previously unreported overtime. Defendant denies any remaining allegations, express or implied, in this paragraph.

58.     In response to Paragraph 58, Defendant admits that Plaintiff was informed that his position was eliminated subject to a reduction in force after Defendant inquired about reporting previously unreported overtime. Defendant denies any remining allegation, express or implied, in this paragraph.

59.     Defendant denies the allegations in Paragraph 59.

60.     Defendant denies the allegations in Paragraph 60.

61.     Defendant denies the allegations in Paragraph 61.

62.     Paragraph 62 reasserts Plaintiff's jury demand, and therefore, no response is required.

Defendant denies that Plaintiff is entitled to any of the relief requested in Plaintiff's Complaint, including in Paragraphs 56–62, and denies that Plaintiff is entitled to relief of any kind in connection with Plaintiff's employment with Banfield, the termination of such employment, or the claims or allegations in the Complaint.

## COUNT V – RETALIATION IN VIOLATION OF ORS § 652.355

63.     In response to Paragraph 63, Defendants restate and incorporate their answers to the paragraphs above as though fully stated herein.

64.     In response to Paragraph 64, Defendant admits only that Plaintiff inquired about reporting of and compensation for previously unreported overtime. Defendant denies any remaining allegations, express or implied, in this paragraph.

65.     In response to Paragraph 65, Defendant admits that it terminated Plaintiff's employment. Defendant denies any remaining allegation, express or implied, in this paragraph.

66.     Defendant denies the allegations in Paragraph 66.

67.     Defendant denies the allegations in Paragraph 67.

68.     Defendant denies the allegations in Paragraph 68.

DEFENDANT MEDICAL
MANAGEMENT INTERNATIONAL,
INC.'S ANSWER AND DEFENSES TO
PLAINTIFF EROS LAMB'S
COMPLAINT - 7
Case No. 3:25-cv-05141-MJP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

69. Paragraph 69 states Plaintiff's legal position as to requesting trial by jury, to which no response is required. However, to the extent Plaintiff seeks equitable relief, such claims are properly tried to the Court.

Defendant denies that Plaintiff is entitled to any of the relief requested in Plaintiff's Complaint, including in Paragraphs 63–69, and denies that Plaintiff is entitled to relief of any kind in connection with Plaintiff's employment with Banfield, the termination of such employment, or the claims or allegations in the Complaint.

## JURY TRIAL DEMAND

This Section of the Complaint states Plaintiff's legal position as to requesting trial by jury, to which no response is required. However, to the extent Plaintiff seeks equitable relief, such claims are properly tried to the Court.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Complaint. Defendant does not assume the burden of any defense asserted that is not adjudged to be an affirmative defense.

1. Plaintiff's claims are barred in whole or in part because Plaintiff was properly compensated utilizing an alternative method of calculating payment for hours worked that is lawful under the FLSA, WMWA, and/or Oregon law.

2. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

3. Plaintiff is not entitled to a three-year limitations period on his FLSA claims under 29 U.S.C. Section 255(a) because, even if Plaintiff were able to prove an alleged violation of the FLSA, which Defendant expressly denies, any such violation was not willful within the meaning of the FLSA.

4. The time for which Plaintiff seeks compensation is not compensable to the extent it is *de minimis*.

5. Any and all decisions, conduct and/or actions taken by Defendant with respect to

DEFENDANT MEDICAL MANAGEMENT INTERNATIONAL, INC.'S ANSWER AND DEFENSES TO PLAINTIFF EROS LAMB'S COMPLAINT - 8
Case No. 3:25-cv-05141-MJP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Plaintiff and Plaintiff's employment were taken for good cause, in the good faith exercise of reasonable business judgment, and were based on lawful, legitimate, non-retaliatory reasons unrelated to any legally-protected conduct by Plaintiff.

6. An award of liquidated damages is not proper in this case because Plaintiff cannot show that Defendant intended to cause injury to Plaintiff or otherwise acted with reckless or wanton disregard for Plaintiff's rights.

7. Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate his damages, if any.

8. Plaintiff's damages, if any, must be offset against, or reduced by, any wages, compensation, or other benefit received by Plaintiff, or which was earnable or receivable with the exercise of due diligence by Plaintiff.

9. Plaintiff's damages may be limited in whole or in part by the doctrine of after-acquired evidence.

10. Defendant reserves the right to assert a "mixed motives" defense to Plaintiff's termination-related claim(s).

Defendant currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses would be appropriate.

### DFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint and having stated its defenses, Defendant Medical Management International, Inc. respectfully requests the following relief:

1. That Plaintiff's Complaint be dismissed with cause and with prejudice, and without attorneys' fees or costs to Plaintiff;

2. That Defendant be awarded its reasonable attorneys' fees and related costs to the extent allowed by statutory or common law; and

DEFENDANT MEDICAL MANAGEMENT INTERNATIONAL, INC.'S ANSWER AND DEFENSES TO PLAINTIFF EROS LAMB'S COMPLAINT - 9
Case No. 3:25-cv-05141-MJP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

3.    For such other and further relief as the Court deems appropriate.

Respectfully submitted this 23rd day of April, 2025.

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

By: /s/ Kristofer T. Noneman
    Kristofer T. Noneman, WSBA #61697
    1201 Third Avenue, Suite 5150
    Seattle, WA 98101
    Telephone: (206) 693-7057
    Facsimile: (206) 693-7058
    Email: kristofer.noneman@ogletree.com

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

By: /s/  Elizabeth A. Falcone
    Elizabeth A. Falcone, OSBA # 111694
    (*pro hac vice* application forthcoming)
    222 SW Columbia Street, Suite 1500
    Portland, OR 97201
    Telephone: (503) 552-2140
    Facsimile: (503) 224-4518
    Email: elizabeth.falcone@ogletree.com

*Attorneys for Defendant Medical Management
International, Inc.*

DEFENDANT MEDICAL
MANAGEMENT INTERNATIONAL,
INC.'S ANSWER AND DEFENSES TO
PLAINTIFF EROS LAMB'S
COMPLAINT - 10
Case No. 3:25-cv-05141-MJP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150  | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of April, 2025, I served the foregoing DEFENDANT MEDICAL MANAGEMENT INTERNATIONAL, INC.'S ANSWER AND DEFENSES TO PLAINTIFF EROS LAMB'S COMPLAINT via the method(s) below on the following parties:

| | |
|---|---|
| Kristopher Bonham, Esq. WSBA #62520<br>MORGAN & MORGAN, P.A.<br>506 2nd Ave Suite 1513<br>Seattle, Washington 98104<br>1700 Palm Beach Lakes, Suite 500<br>West Palm Beach, Florida 33401<br>Telephone: (561) 812-1547<br>Facsimile: (561) 812-1571<br>Email: kbonham@forthepeople.com | C. Ryan Morgan, Esq., Florida Bar No. 0015527<br>(Admitted *pro hac vice*)<br>Jolie N. Pavlos, Esq., Florida Bar No. 0125571<br>(Admitted *pro hac vice*)<br>MORGAN & MORGAN, P.A.<br>20 N. Orange Ave, 15th Floor<br>Orlando, FL 32801<br>MAILING ADDRESS:<br>P.O. Box 530244<br>Atlanta, GA 30353-0244<br>Telephone: (407) 420-1414<br>Facsimile: (407) 245-3401<br>Email: RMorgan@forthepeople.com<br>       JPavlos@forthepeople.com |
| *Attorneys for Plaintiff Eros Lamb* | *Attorneys for Plaintiff Eros Lamb* |

☒   by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐   by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☒   by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 23rd day of April, 2025, at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Sandra K. Sandoval*
     Sandra K. Sandoval, Practice Assistant
     sandra.sandoval@ogletree.com

DEFENDANT MEDICAL MANAGEMENT INTERNATIONAL, INC.'S ANSWER AND DEFENSES TO PLAINTIFF EROS LAMB'S COMPLAINT - 11
Case No. 3:25-cv-05141-MJP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

89585992.v1-OGLETREE