UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EROS LAMB,<br><br>Plaintiff,<br>v.<br><br>MEDICAL MANAGEMENT INTERNATIONAL INC., d/b/a BANFIELD PET HOSPITAL,<br><br>Defendant. | CASE NO. 3:25-cv-05141-DGE<br><br>ORDER ON MOTION FOR SANCTIONS (DKT. NO. 37) |

Before the Court is Defendant's motion for sanctions. (Dkt. No. 37.) For the reasons discussed below, Defendant's motion is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 19, 2025, Plaintiff Eros Lamb filed a complaint in this Court asserting several causes of action against his former employer, Medical Management, Inc., d/b/a Banfield Pet Hospital. (Dkt. No. 1.) The discovery deadline in this case was originally set for January 9, 2026, but was later extended to May 29, 2026. (Dkt. Nos. 16, 20.)

On May 12, 2026, the parties filed the first of several discovery dispute statements with the Court. (Dkt. No. 25.) On May 13, 2026, the Court issued an order striking the statement because it did not comply with the Court's discovery dispute procedure. (Dkt. No. 26.) On May 20, 2026, the parties filed a revised joint discovery dispute statement. (Dkt. No. 27.) On May 22, 2026, Plaintiff submitted a unilateral discovery dispute statement. (Dkt. No. 28.) The same day, the Court issued an order striking Plaintiff's statement, which was filed exactly one week before the close of discovery and sought resolution of 18 new discovery disputes. (Dkt. No. 29.) On May 27, 2026, the parties filed a joint motion to extend the discovery deadline by one week. (Dkt. No. 30.) On June 1, 2026, the parties submitted another joint discovery dispute statement. (Dkt. No. 31.) The same day, the Court issued an order striking this statement as untimely. (Dkt. No. 32.) On June 2, 2026, the Court held a hearing on the parties' discovery dispute. (Dkt. No. 34.) On June 3, 2026, the Court issued a ruling on the dispute (Dkt. No. 35) and also issued an order extending the discovery deadline until June 5, 2026. (Dkt. No. 34.)

On June 29, 2026, Defendant filed the instant motion for sanctions pursuant to Federal Rule of Civil Procedure 37. (Dkt. No. 37.) Defendant alleges Plaintiff refused to appear for the last hour of his deposition on June 5, 2026. (*Id.* at 1.) On July 14, 2026, Plaintiff responded to Defendant's motion for sanctions. (Dkt. No. 43.) On July 20, 2026, Defendant filed a reply. (Dkt. No. 45.)

## II. LEGAL STANDARD

Under Rule 37, the court may order sanctions if a party fails to appear for a deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must award reasonable expenses, including attorney fees, unless the failure to appear was substantially justified or other

circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3). "[U]nlike other provisions of Rule 37, sanctions under Rule 37(d)(1)(A)(i) are discretionary, not mandatory." *Africa v. Vision Path, Inc.*, Case No. 2:23-cv-04570-GW-MBK, 2025 WL 1421270 at *4 (C.D. Cal. Apr. 15, 2025).

## III. DISCUSSION

On April 14, 2026, Defendant sent Plaintiff a notice, pursuant to Fed. R. Civ. P. 30, informing Plaintiff that it would take his deposition on April 29, 2026 in Portland, Oregon at 9:30 AM. (Dkt. No. 38-1.) Shortly after receiving the notice, Plaintiff's counsel, Charles Morgan, contacted Defendant's counsel, Elizabeth Falcone, and asked if the deposition could begin at 9:00 AM so he would have time to catch his return flight. (Dkt. No. 38-2 at 2.) Falcone responded that the 9:30 AM start time was a mistake, and confirmed that the deposition would start at 9:00 AM. (*Id.*) The deposition began at 9:18 AM on April 29, 2026. (Dkt. No. 38-3 at 4.) After about six hours Morgan told Falcone that he "ha[d] to go in about 15 minutes." (*Id.* at 5.) Morgan and Falcone discussed how much time had elapsed, and ultimately agreed Defendant had approximately one hour of deposition time remaining. (*Id.* at 5–6.) Falcone insisted she would "need all of the [remaining] time" to complete her deposition, while Morgan stated the parties would "figure out another time" to finish. (*Id.* at 6.) Falcone asked Plaintiff several additional questions and concluded the deposition. (*Id.* at 7–8.)

On May 19, 2026, Defendant's counsel contacted via email Morgan and suggested completing the last hour of Plaintiff's deposition on either May 29, 2026 or June 1, 2026. (Dkt. No. 38-4 at 7.) Morgan responded to the email the same day, stating Plaintiff would be unable to appear on either date because the discovery deadline was May 29, 2026. (*Id.* at 5–6.) On May 23, 2026, Morgan stated he "[didn't] have a problem" with completing Plaintiff's deposition

during the first week of June, as long as the Court granted an extension of the discovery deadline. (Dkt. No. 38-5 at 2.)

Throughout May and June, the parties presented the Court with numerous discovery disputes. *See supra* Section I. On June 3, 2026, the Court issued an order extending the discovery deadline in this case until June 5, 2026 "for the sole purpose of completing the depositions previously scheduled by the parties." (Dkt. No. 34.) Following the Court's order, the parties exchanged emails, but were unable to agree on a time for Plaintiff to appear for the remainder of his deposition prior to the new discovery deadline. (Dkt. Nos. 38-6; 38-7; 38-8.) The tone of the emails was acrimonious, with the parties blaming each other for Plaintiff's failure to appear. (*See id.*) On June 5, 2026, Defendant's counsel resumed Plaintiff's deposition without Plaintiff's participation and entered a certificate of nonappearance. (Dkt. No. 38-9.)

Defendant alleges Plaintiff's refusal to appear for a deposition on June 5, 2026 constitutes improper gamesmanship, calls into question the representations made by Plaintiff's counsel and has left Defendant "unable to complete critical discovery into the basis of [Plaintiff's] legal claims and other key facts related to [his] defenses." (Dkt. No. 37 at 1–2.) Defendant asks the Court to: (1) preclude Plaintiff from using any testimony from any deposition taken between June 1, 2026 and June 5, 2026; (2) order Plaintiff to pay Defendant $20,623.15 in fees and expenses incurred preparing for the deposition and drafting the motion for sanctions; (3) order Plaintiff appear for the remaining hour of his deposition; and (4) warn Plaintiff that if he fails to appear to complete his deposition, "he may be subject to more severe sanctions, up to and including dismissal of his case with prejudice." (Dkt. Nos. 37 at 2; 45 at 6.)

Plaintiff contends that despite attempts to schedule the last hour of his deposition, the parties were unable to agree on a time and date "due to conflicting schedules and the limited

amount of time remaining before the close of discovery[.]" (Dkt. No. 43 at 1–2.) Plaintiff contends Defendant "attempted to force [his] deposition into a narrow scheduling window" despite being told Plaintiff was unavailable at that time, conditioned the deposition of its Rule 30(b)(6) representative on Plaintiff's appearance during that window, and unilaterally went forward with the deposition despite knowing Plaintiff was not available. (*Id.* at 2.) Plaintiff further argues Defendant cannot seek sanctions under Rule 37(d) for his failure to appear at the June 5, 2026 deposition because the deposition was never properly noticed and the parties never agreed on a date and time. (*Id.* at 2–4.) Plaintiff argues his failure to appear for the final hour of his deposition was the result of a good faith scheduling dispute rather than willful noncompliance or bad faith conduct. (*Id.* at 4.) Plaintiff argues that Defendant's request for sanctions "is particularly inappropriate because the record reflects substantial discovery conduct **by Defendant** that contributed directly to the scheduling breakdown." (*Id.* at 23) (emphasis in original).

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery in this case has been both highly contentious and poorly managed, with the parties filing numerous non-compliant discovery dispute statements with the Court seeking resolution of complex issues shortly before the end of the discovery period.

It is not the Court's function "to resolve disputes that can easily be resolved by the parties conferring in good faith." *Elite Mitigation Servs., LLC v. Westchester Surplus Lines Ins. Co.,* Case No. 5:19-cv-381-TKW/MJF 2020 WL 6122557, at *4 (N.D. Fla. May 4, 2020). With

respect to the parties' attempt to schedule the final hour of Plaintiff's deposition, the Court notes that most, if not all, of the parties' communication regarding this issue took place over email. The Court has advised (*see* Dkt. No. 18) the parties in this case, as it does in every case before it, that it is often easier to resolve discovery matters over the telephone, particularly when deadlines are fast approaching. *Id.* at *2 n.5 ("To date, the parties have filed over ten discovery motions, which is an excessive number. Frequently these motions were filed without the parties discussing matters telephonically or in person. Many of the issues likely could have been resolved if the parties would have discussed the relevant matters as opposed to merely sending emails.") The Court also questions whether the parties would have pursued such a confrontational approach if they had spoken in person or via telephone.

The Court DENIES Defendant's motion for sanctions. The parties' failure to schedule the final hour of Plaintiff's deposition appears to be the result of scheduling conflicts which arose due to a last-minute attempt to arrange the deposition via email. While Defendant contends it needs an additional hour of deposition time to complete "critical discovery into the basis of [Plaintiff's] legal claims and other key facts related to [his] defenses" (Dkt. No. 37 at 1), Defendant does not identify any specific discovery that remains outstanding.

## IV. ORDER

Defendant's motion for sanctions (Dkt. No. 37) is DENIED.

Dated this 4th day of November, 2026.

David G. Estudillo
United States District Judge